[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of marriage and related relief. The plaintiff, whose maiden name was Caterina Scaturchio, and the defendant were married on January 19, 1991, in Stamford, Connecticut. At least one of the parties to this marriage, for at least twelve months next preceding the date of the filing of the complaint, has been a resident of the State of Connecticut; therefore, this court does have jurisdiction. There are two minor CT Page 13974 children issue of this marriage, Jade Pellini, born on July 11, 1991 and Dylan Pellini, born July 30, 1993. Neither the State of Connecticut nor any town thereof is contributing or has contributed to the support or maintenance of either party. The marriage of the parties has broken down irretrievably and a decree of dissolution shall enter on that ground.
The plaintiff wife is 36 years old. This is her second marriage. She graduated from high school in or about 1980, and has one year post-secondary education at SUNY. At the time of the marriage, she worked as a waitress. At some time thereafter, she went to beautician school, and obtained a licensed as a hairdresser and cosmetologist. The plaintiff started work in that field in approximately 1997. She now works on a part-time basis, one and sometimes two days per week. Her earnings are as reflected on her amended financial affidavit, $120 gross and $120 net per week. The court assumes by this that plaintiff does not withhold for taxes. During the marriage the plaintiff has also been the homemaker and primary caretaker of the children.
The defendant husband is 39 years old. His health is good. He, too, is a high school graduate having graduated in or about 1978. The defendant has been continuously employed as a carpenter at Pitney-Bowes since 1979 or 1980. He also has over-time and odd job work as reflected on his financial affidavit. His total weekly gross earnings are approximately $1,103 and his weekly net earnings, after deducting for taxes and health insurance are approximately $881.
There are several other matters which require further mention. The first concerns the marital home at 19 Wells Avenue in Stamford. The home was purchased in 1993, and title was taken solely in the name of the defendant. It has been, and remains the residence of the plaintiff and the children. Both parties have asserted competing, different claims to the home. This court does not believe that either's claim is satisfactory. Therefore, the court has fashioned its own orders concerning the home in the context of its other financial orders.
Second, the court has determined that periodic alimony to the plaintiff of a rehabilitative nature for a period of time is appropriate. The court cannot find that the plaintiff has a present earning capacity in excess of her current earnings. However, both children are of full-time school age, the plaintiff does work only one or two days per week, and her reasons for not CT Page 13975 attempting to secure fuller employment are not completely persuasive. The court believes that given an appropriate period of time, and based upon her work skills and history, she should be able to become more self-sufficient.
Third, the parties entered into a pendente lite stipulation on or about May 12, 1997. Pursuant to that stipulation, the defendant has certain financial obligations to or for the benefit of the children. The court finds that there is an arrearage due the plaintiff from the defendant in the amount of $2,345 for Playschool expenses and $468 for uncovered or unreimbursed medical or dental expenses, for a total of $2,813. This arrearage shall survive the decree. Again, the court will enter an order concerning disposition of this arrearage.
Fourth, the defendant claimed at trial that the plaintiff had "keyed" or damaged his car and motorcycle. The court does find that the plaintiff did damage the same. The loss to the defendant was in the sum of $1,917. Though the court does not enter a separate and distinct order concerning the same, the court has considered this and dealt with it in the totality of all of its financial orders.
Fifth, and finally, the court finds that during the pendency of this action, the defendant sold or liquidated approximately $10,000 of Pitney-Bowes stock apparently for his own use or benefit. This was in contravention of the automatic orders, P.B. § 25-5, as well as the parties' own aforementioned stipulation. Again, the court has considered this and resolved it within the context of its financial orders.
The court last addresses, briefly, the cause of the breakdown of this marriage. There was friction of an unspecified nature for several years. The defendant moved out of the marital home in or about mid-1997; the plaintiff has been dating and has the same steady boyfriend since that same time. On the basis of the record before it, this court cannot and does not attribute fault for the breakdown of the marriage more to one party than the other.
This court has considered all of the evidence and the statutes made and provided for dissolution of marriage actions in Chapter 815j of the General Statutes, including but not limited to C.G.S. §§ 46b-62, 81, and 82, and hereby enters the following orders: CT Page 13976
(1) The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
(2) The plaintiff and the defendant shall have joint legal custody of the minor children issue of the marriage; the plaintiff shall have primary physical custody, and the defendant shall have visitation rights in accordance with the parties' pendente lite stipulation of June 9, 1999, which is adopted and incorporated by reference herein.
(3) The defendant shall pay to the plaintiff, as and for periodic alimony and child support, the following:
 (a) Until such time as the sale of the marital home occurs as set forth hereinafter, the defendant shall pay to the plaintiff as and for unallocated alimony and child support, the mortgage, taxes, insurance and reasonable and customary utilities on and for the marital home, plus $1,000 per month in equal semi-monthly installments on the first and fifteenth of each month, in advance, effective November 1, 1999;
 (b) At such time and following the sale of the marital home as set forth hereinafter, the defendant shall pay to the plaintiff as and for periodic alimony the sum of $1,000 per month, and as and for child support the sum of $1,200 per month, with each payable in equal semi-monthly installments on the first and fifteenth of each month, in advance.
 (c) Said alimony as set forth in subparagraphs (a) and (b), above, shall terminate upon the happening of any of the following events, whichever first occurs: the plaintiffs death, the defendant's death, the plaintiffs remarriage, the plaintiffs cohabitation with an unrelated male pursuant to C.G.S. § 46b-86 (b), or upon five (5) years from the date hereof. In the event of termination prior to the sale of the marital home, either party may move the court to set a child support order.
 (d) A contingent wage withholding order shall issue against the defendant to satisfy his obligations hereunder.
(4) The defendant shall pay to the plaintiff the pendente lite arrearage of $2,813 as follows:
 (a) Seventy five dollars ($75) per month on the first of each month, in advance, effective November 1, 1999; and CT Page 13977
 (b) Any remaining balance at the time of the sale of the marital home as set forth hereinafter.
(5) The defendant shall transfer and convey, by way of quit claim deed, the marital home to the plaintiff and defendant as tenants-in-common. The plaintiff shall have exclusive possession of the marital home until the time of its sale as set forth hereinafter. The home shall be listed for sale upon the happening of any of the following events, whichever first occurs: (I) upon the plaintiff's own election to list and sell said home; (2) upon plaintiff's vacating the marital home for more than thirty (30) consecutive days; or (3) upon one year of the date hereof.
The parties shall cooperate with one another in the listing and sale of the marital home. The parties shall agree upon a listing broker or, in the event of a disagreement, either party may petition or move the court for appointment of the same. The parties shall cooperate in the terms and conditions of the listing and sale of the marital home but, in the event of disagreement, any decision of the broker shall be final and binding upon the parties. Any price bid for the home within 5% of the offered price shall be accepted by the parties. There shall be paid from the proceeds of the sale reasonable and customary closing expenses, to include but not be limited to the mortgage, any unpaid taxes and insurance, broker's commission, attorney's fees, conveyance costs and closing adjustments. The net proceeds of the sale shall be divided on the following basis: (a) the plaintiff shall receive the first $5,000 of the net closing proceeds, together with the balance due on the pendente lite arrearage as set forth in paragraph 4; and (b) the plaintiff and defendant each shall receive 50% of the remaining net proceeds of the sale. Each party shall retain all of his/her personal papers, clothing and effects. The furnishings of the home, exclusive of the children's specific furnishings, shall be divided equally between the parties. The parties shall mediate any disagreement concerning allocation of the furnishings with the office of Family Services before petitioning or moving the court for any order in connection with the same.
(6) The defendant shall transfer to the plaintiff all of his right, title and interest in and to the following:
(a) Fifty (50) percent of his Pitney-Bowes stock; CT Page 13978
 (b) Thirty (30) percent of his Pitney-Bowes 401K account, as of the date hereof and
 (c) Thirty (30) percent of his Pitney-Bowes pension plan, as of the date hereof.
 Each or any of said transfers shall be effectuated by way of a qualified domestic relations order, if appropriate. The court shall retain jurisdiction to effectuate said transfers.
(7) The plaintiff shall have ox retain any savings bonds or like investment instruments as trustee, to or for the benefit of the minor children, and shall provide the defendant with a written accounting of the same upon their disposition.
(8) (a) The defendant shall keep and maintain in full force and effect any medical, health, dental and orthodontia insurance for the benefit of the minor children as such may be available at his place of employment at reasonable cost and expense. The plaintiff and the defendant shall share equally any uncovered or unreimbursed medical, dental, orthodontia, psychiatric or psychological expenses provided to or for the benefit of the minor children.
 (b) At the written election of the plaintiff, the defendant shall keep and maintain in full force and effect any medical, health and dental insurance to or for the benefit of the plaintiff through his place of employment at reasonable cost and expense, to the extent and for the time permitted bylaw. Said coverage shall be conditioned upon the plaintiffs contributions, to the defendant, of fifty (50) percent of the cost of such coverage, monthly, in advance, effective November 1, 1999. If any monthly contribution by the plaintiff remains more than thirty (30) days past due, and provided that the defendant is current with any alimony and child support payments due the plaintiff, the defendant may, upon written notice and demand to the plaintiff, cancel and terminate the plaintiffs coverage if plaintiff's contribution remains delinquent for ten (10) days following the date of written notice and demand.
(9) The defendant shall keep and maintain in full force and effect such insurance coverage on the defendant's life as may be available through his place of employment, at reasonable cost and expense, with initial coverage of $170,000, naming the plaintiff as trustee, as the irrevocable beneficiary of said life insurance coverage, for CT Page 13979 the benefit of the minor children so long as the defendant has any support obligation for the same. The defendant shall furnish the plaintiff with satisfactory evidence of said coverage upon written demand for the same at reasonable intervals.
(10) The defendant shall pay to the plaintiff, as and for a contribution toward the plaintiffs counsel fees, the sum of $5,000, to be paid as follows: (a) $2,500 within thirty days of the date hereof; and (b) $2,500 within ninety days of the date hereof
(11) Except or to the extent as provided expressly hereinbefore, each party shall retain all assets and be responsible for any liabilities as set forth on their respective financial affidavits,
(12) Except or to the extent as set forth expressly hereinbefore, each party shall perform any obligations required of him or her, within thirty days of the date hereof.
(13) Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
KAVANEWSKY, J.